## PETERS *v.* HOPKINS.

---

PATENTS; RULES; INTERFERENCE; JUDGMENT ON THE RECORD.

1. A rule of the Patent Office providing for a judgment on the record against the junior party to an interference, if his statement fails to overcome the prima facie case of the senior party, like a rule of court providing for a summary judgment, should be liberally construed in favor of the junior party, as it prevents him from having a regular trial of his cause. (Citing *Lawrence* v. *Hammond*, 4 App. D. C. 467; *Strauss* v. *Hensey*, 7 App. D. C. 289, 36 L.R.A. 92; *Pumphrey* v. *Bogan*, 8 App. D. C. 448; *St. Clair* v. *Conlon*, 12 App. D. C. 161; and *Booth* v. *Arnold*, 27 App. D. C. 287.)

2. In a preliminary statement by the junior party to an interference, an allegation of the conception of an invention on a date prior to the filing of the senior application, but unaccompanied by an allegation of an earlier date of disclosure also, is sufficient to prevent an entry of judgment on the record in favor of the senior applicant. (Construing Rule 114 of the Patent Office, and citing *Mergenthaler* v. *Scudder*, 11 App. D. C. 264, and *Garrels* v. *Freeman*, 21 App. D. C. 207.)

No. 591. Patent Appeals. Submitted November 12, 1909. Decided November 30, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Reversed.*

The facts are stated in the opinion.

*Mr. Frank Parker Davis* and *Messrs. Rector, Hibben & Davis* for the appellant.

*Mr. F. R. Cornwall, Mr. L. S. Bacon,* and *Mr. J. H. Millans* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This appeal arises out of an interference between applications of Isaac S. Dement, Herbert Hopkins, and Heber C. Peters, respectively, for a patent for an improvement in adding machines. Dement's application was filed January 9, 1904, that of Peters, April 14, 1905, and that of Hopkins, April 9, 1906. A preliminary statement was filed by Peters in conformity with Patent Office rule 110, which requires that each party to an interference shall file a preliminary statement under oath, showing, among other facts, the date of original conception of the invention, the date upon which a drawing of the invention was made, and the date upon which the invention was first disclosed to others. Peters's statement alleged conception on or about January 1, 1904, drawings illustrating the invention about February 10, 1904, and disclosure of the invention to others on or about February 11, 1904.

Rule 114 provides that if any party to an interference other than the senior party fails to file a statement, or if his statement fails to overcome the prima facie case made by the respective dates of the application, such party will be notified by the Examiner of Interferences that judgment upon the record will be rendered against him at the expiration of thirty days unless cause is shown whereby such action should not be taken.

Acting under this rule the Examiner of Interferences gave

notice to Peters to show cause why judgment should not be rendered against him on the ground that the date of disclosure and making of drawings as alleged are subsequent to the filing date of Dement, the senior party.  On March 25, 1908, the Examiner of Interferences rendered judgment against Peters on the record, he having failed to show sufficient cause why the same should not be done.  An appeal was taken by Peters directly to the Commissioner, who, on May 14, 1908, affirmed the decision.  He expressed the opinion that mere conception existing in the mind of the inventor is insufficient, but must be followed by proof of disclosure, or the doing of other acts sufficient to establish a date of conception prior to the filing date of the senior party.  We quote the following extract from his opinion: "Experience has shown that it is only in rare cases, if ever, that conception is proved except by disclosure to others, either orally or by means of some tangible evidence; and it is believed, therefore, that in those cases where a junior party alleges the fact of conception only, prior to the filing date of the senior party, the better practice is to issue an order to show cause against the junior party.  If the case is one of those conceivable, but exceedingly rare, cases, where conception can be established by means other than disclosure, and the party against whom the order to show cause has been issued shall, within the time set therein, file the affidavit of himself or of his attorney, setting forth that it is proposed to establish conception by means other than disclosure, the Examiner of Interferences will not render a judgment, but will set times for taking testimony.  This practice will work no hardship upon the junior party, for the rule permits him to bring all valid motions after the order is issued to show cause why judgment should not be rendered."

In accordance with this view, he remanded the case to give Peters an opportunity to file such an affidavit as he had indicated.  Peters failed to file the amendment, and then took an appeal from the judgment rendered against him to the Examiner-in-Chief, who affirmed the same.  The Commissioner in turn affirmed their decision.  From this decision, which award-

ed priority to Dement, the senior party, as against Peters, the latter has appealed.

The single question presented by the record is whether, in a preliminary statement, an allegation of the conception of an invention on a date prior to the filing of the senior application, but unaccompanied by an allegation of an earlier date of disclosure also, is sufficient to prevent an entry of judgment on the record in favor of the senior applicant.

Conception of an invention consists of the formation in the mind of the inventor of the complete and operative invention, as it is thereafter to be applied in practice. The conception is complete when it has assumed such shape in the mind that it can be described and illustrated, and carried into execution, if it be a machine or device by a skilled mechanic. *Mergenthaler v. Scudder,* 11 App. D. C. 264–276.

The one first to conceive an invention is undoubtedly entitled to the patent therefor if he be in the exercise of diligence in perfecting and reducing the same to practice at the time of the entry of a rival inventor in the field. This earlier conception is a matter of fact and must be established by sufficient proof. While an inventor may testify to this fact of invention for the purpose of establishing priority over another, the policy of the law does not permit it to be taken as established by his unsupported testimony. *Mergenthaler v. Scudder,* 11 App. D. C. 264–278, and authorities cited; *Garrels v. Freeman,* 21 App. D. C. 207–212.

It is quite true that this supporting evidence must ordinarily consist of disclosures of the invention, as conceived, to others. Such disclosures may be in writing, or be made orally and with or without the aid of sketches or models. If in writing or through sketches or models, the same must be proved in some satisfactory manner, and, if oral only, the party to whom the disclosure is made, or some other person, who may have overheard it, must be able to reproduce it with reasonable certainty. As admitted, however, by the Commissioner in his opinion, heretofore quoted, there may be cases in which conception can be established by other means than the disclosures

referred to.  For example:  An inventor might write a complete description of his invention, and deposit the same in a sealed packet, with another person, for safe-keeping, without making any disclosure of the contents.  The production of the packet, with proof of the date of the receipt, would be sufficient evidence of the existence of the conception on that date.  Other conditions more or less probable might be imagined.  In view of such possibilities, and bearing in mind that the one first to conceive an invention is, under reasonable conditions, the particular object of the bounty of the law authorizing the granting of patents, we are of the opinion that the ruling of the Commissioner in this case is too strict a construction of rule 114.  A rule providing for a summary judgment, by preventing a party from having a regular trial of his cause, should be liberally construed.  The rule of the Patent Office is analogous to the rule of the court, which authorizes a summary judgment against a defendant in an action for debt, supported by affidavit, unless he shall file a sufficient affidavit of defense.  In the enforcement of that rule it has been said that the truth of the facts in the affidavit must be assumed to be true, and that if the facts, by any reasonable or fair construction, will constitute a defense to the claim of the plaintiff, within the scope of the pleadings, it is the right of the party to have his case regularly tried in due course of judicial investigation.

It was also said in language appropriate to the condition here presented:  "No rule, however beneficial it may be thought to be as means of preventing the use of sham or feigned defenses, or desirable for the expedition of business, can deprive the defendant of this right."  *Strauss* v. *Hensey,* 7 App. D. C. 289, 294, 36 L.R.A. 92.  See also *Lawrence* v. *Hammond,* 4 App. D. C. 467–474; *Pumphrey* v. *Bogan,* 8 App. D. C. 449–451; *St. Clair* v. *Conlon,* 12 App. D. C. 161–163; *Booth* v. *Arnold,* 27 App. D. C. 287–291.

This view of the construction of rule 114 is upheld also by a decision of Commissioner Allen in March 4, 1904.  *Winsor* v. *Struble,* 1904, C. D. 158, 159.  In that case Struble's application had been filed November 16, 1901.  Winsor, the junior

applicant, alleged in his preliminary statement that he had conceived the invention in November, 1901, and had made sketches and disclosed the invention to others in December, 1901. Struble moved for judgment on the record, which was denied by the Examiner of Interferences. In affirming that decision the Commissioner said: "While it is true, in view of these allegations, that Winsor is precluded, by his preliminary statement, from establishing his conception of the invention in November, 1901, by the means which are usually available for that purpose, nevertheless under his allegations of conception in November, 1901, he is privileged, if he can, to establish conception of the invention prior to November 16, 1901, the date on which Struble filed his application. It is therefore seen that the statement filed by Winsor does not fail to overcome the prima facie case made by Struble's date of application."

For the error committed, the decision of the Commissioner will be reversed, and the cause remanded, that the judgment may be vacated and the issue of priority determined in due course of proceeding.

It is so ordered, and that this decision be certified to the Commissioner of Patents as the statute provides.          *Reversed.*

On January 5, 1910, a motion by the appellee to recall the mandate of this court to the lower court was overruled.